IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,794-03






EX PARTE SHAUN WADE COOPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 9721-B IN THE 21ST JUDICIAL DISTRICT COURT OF
BASTROP COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to one count of aggravated sexual assault of a child and one count of indecency with a child,
in exchange for ten years of deferred adjudication community supervision. Applicant's
community supervision was later revoked and punishment was assessed at thirty-five years'
confinement. No direct appeal was taken.

 Applicant contends inter alia that his plea was not knowingly and voluntarily entered,
because he pleaded guilty only because counsel advised him that his punishment would be
"capped" at ten years. Applicant contends that he was neither advised by counsel nor
admonished by the trial court that upon revocation of his deferred adjudication community
supervision he would be subject to the entire range of punishment for the offense. Applicant
further alleges that, had he been admonished of this fact, he would not have pleaded guilty
but would have proceeded to trial.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was admonished prior to the entry of his plea that upon revocation
of his deferred adjudication community supervision, he would be subject to the entire range
of punishment for this offense. If the trial court finds that Applicant was so admonished, the
court shall include the portion of the transcript or plea papers showing the admonishment. 
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF March, 2006.

 




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.